UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREGORY HAZLETT, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:12-CV-1715 JAR |
| v. | ) ) ) | |
| CITY OF PINE LAWN and OFFICER STEVE LOWMAN, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint (ECF No. 7). Count III purports to allege a claim for false arrest and/or false imprisonment against Defendants City of Pine Lawn and Officer Steve Lowman and Count IV purports to allege a claim for malicious prosecution against the City of Pine Lawn and Officer Steve Lowman with respect to Plaintiff's arrest, detention, and prosecution by the State of Missouri.

Defendants assert that Plaintiff's claims in Count III and IV fail because he has not pled an exception to Pine Lawn's sovereign immunity. Defendants also contend that Count III should be dismissed because it is barred by a two-year statute of limitations. Finally, Defendants assert that Counts III and IV against Officer Lowman fail to state a claim because Plaintiff has not alleged facts that, if proven, are sufficient to establish liability. These matters are fully briefed and ready for disposition.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

A.   Count III and IV Against the City of Pine Lawn

In the Motion to Dismiss, the City of Pine Lawn claims that Counts III and IV are barred by sovereign immunity. See Mo.Rev.Stat. §537.600.1; Richardson v. City of St. Louis, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009)("Under Mo.Rev.Stat. §537.600, public entities enjoy sovereign immunity as it existed at common law prior to September 12, 1977, unless immunity is waived, abrogated, or modified by statute."); Maune ex rel. Maune v. City of Rolla, 203 S.W.3d 802, 804 (Mo. Ct. App. 2006). "Municipal corporations, such as the City, are 'public entities'

entitled to sovereign immunity within the meaning of Section 537.600." Richardson, 293 S.W.3d at 136 (citing Gregg v. City of Kansas City, 272 S.W.3d 353, 358 (Mo. Ct. App. 2008)).

"A municipality has sovereign immunity from actions at common law tort in all but four cases: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function (State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital, 843 S.W.2d 353, 358 (Mo. banc 1993)); and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610)." Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009).[1]  None of these exceptions have been pled here.

In response, Plaintiff contends that "[p]olice officers acting in their official capacity did not enjoy immunity from claims of false arrest or malicious prosecution prior to 1997. … [t]herefore Section 537.600 does not apply."  Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint and Alternative Motion for Leave to Amend ("Opposition"), ECF No. 11, p. 2 (citing Palermo v. Cottom, 525 S.W.2d 758, 762 (Mo. Ct. App. 1975); Motley v. Dugan, 191 S.W.2d 979, 982 (Mo. Ct. App. 1945)).

---

[1] "A proprietary function is an act performed for the special benefit or profit of the municipality as a corporate entity, while a governmental function is an act performed by the municipality as an agent of the state, for the common good of all." Oliver v. Swon, 2:05CV38 JCH, 2006 WL 2505994, at *5, n.9 (E.D. Mo. Aug. 29, 2006)

As noted by Defendants, however, Palermo and Motley involved individual rather than official or municipal liability. See Palermo, 525 S.W.2d at 762 ("defendants in the present action do not enjoy immunity on the grounds of their positions as police officers"); Motley, 191 S.W.2d at 982 ("an officer should be held liable for malicious prosecution if it appears that in instigating the prosecution he acted with malice, and if it is shown that there was want of probable cause for the arrest"). Plaintiff does not address the case law holding that false arrest and malicious prosecution claims against municipalities are barred by sovereign immunity under Missouri law. See Warren v. City of Wentzville, No. 4:09CV1330 JCH, 2010 U.S. Dist. LEXIS 87703 (E.D. Mo. Aug. 25, 2010)(holding that sovereign immunity applies to Plaintiff's claims against the City for malicious prosecution related to the City's "operation and maintenance of its police force, a governmental function"); Oliver, 2006 WL 2505994 at *5 (citation omitted); see also Wilson v. City of Hazelwood, Mo., 530 F. Supp. 2d 1059, 1069 (E.D. Mo. 2007)(plaintiff conceded that his claims for false imprisonment and battery were barred by sovereign immunity). These cases applying sovereign immunity to municipalities appear to be applicable, given that Plaintiff has not pled any exception to Mo.Rev.Stat. §537.600.

Plaintiff, however, also contends that the City of Pine Lawn is not entitled to sovereign immunity because there is insurance coverage for Defendants. (Opposition, p. 3 (citing Mo.Rev.Stat. §537.610)). Plaintiff requests leaves to file an Amended Complaint clarifying that there is insurance coverage for his claim.

Plaintiff's Complaint, as currently pled, does not state that his claim falls into any of the exceptions to the sovereign immunity of municipalities. The Court, however, grants Plaintiff's request to file an Amended Complaint and re-plead his claims in Count III and IV against the

City of Pine Lawn.  Plaintiff shall file an amended complaint within ten (10) days of the date of this Order.

B. Count III Against Officer Lowman[2]

Defendants also assert that the statute of limitations bars Plaintiff's claim for false arrest/false imprisonment against Officer Lowman.  Plaintiff's lawsuit was filed in the Circuit Court of St. Louis County on August 23, 2012.  Plaintiff's Complaint alleges that his false arrest by Officer Lowman occurred on May 16, 2010.  Plaintiff also contends that he was held in the Pine Lawn City Jail for two days and, thereafter, in the St. Louis County Jail for approximately one week. (Complaint, ¶¶21, 22).  In other words, Plaintiff alleges that he was imprisoned for approximately nine days, beginning on May 16, 2010.  Under Mo.Rev.Stat. §516.140, an action for false imprisonment/false arrest must be brought within two years of the accrual of that cause of action.  "[A] cause of action for false imprisonment accrues on the discharge from imprisonment."  Stafford v. Muster, 582 S.W.2d 670, 680 (Mo. 1979).  Because Plaintiff was released from jail in May 2010 and did not file his claim until August 23, 2012, Defendants contend that his false imprisonment/false arrest claim was time barred.

In response, Plaintiff asserts that Count III is not barred by the applicable statute of limitations.[3]  Plaintiff contends that the three-year statute of limitations of Mo.Rev.Stat. §516.130 applies to a claim against a police officer acting in his official capacity. (Opposition,

---

[2] Although the Defendants contend that Count III is barred by the statute of limitations as to both Defendants, both parties' briefing focuses on Count III as to Officer Lowman.  As Defendants note in their Reply, their argument as to the City of Pine Lawn is that Count III is barred by sovereign immunity, not the statute of limitations. (Reply, p. 3).

[3] Plaintiff states that Counts III and IV are not barred by the statute of limitations (Opposition, p. 4), and this same statement is made by Defendants in Defendants' Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Reply"), ECF No. 12, p. 3.  Based upon Defendants' initial Memorandum, however, it does not appear that Defendants seek to dismiss Count IV of the Complaint on statute of limitations grounds.

p. 4 (citing Lovejoy v. Goodrich, 798 F.2d 1201, 1202 (8th Cir. 1986)).[4]  Plaintiff claims that because his filed this lawsuit within 3 years of his May 16, 2010 arrest and imprisonment, then his false arrest/imprisonment claim is timely.

In reply, Defendants maintain that Plaintiff's claim against Officer Lowman fails. (Reply, p. 3).  If Plaintiff is suing Officer Lowman in his official capacity, then "a suit against a governmental officer 'in his official capacity' is the same as a suit against [the] entity of which [the] officer is an agent[.]"  McMillian v. Monroe Cnty., Ala., 520 U.S. 781, 785 (1997)(internal citations and quotations omitted).  Thus, Defendants argue that if Plaintiff's false arrest claim against Officer Lowman is against him in his official capacity, then it is barred by sovereign immunity, just as it is against the City of Pine Lawn. (Reply, p. 3).  However, if Plaintiff is suing Officer Lowman in his individual capacity, then Mo.Rev.Stat. §516.140 applies and the two year statute of limitations bars Plaintiff's claim for false arrest. (Reply, p. 3).

The Court's analysis depends on whether Plaintiff is suing Officer Lowman in his individual or official capacity.  Any claim against Officer Lowman in his individual capacity is clearly barred by the two year statute of limitations.  See Mo.Rev.Stat. §516.140.  To the extent that Plaintiff alleges a claim against Officer Lowman in his official capacity, the Court's analysis depends upon if Plaintiff files an amended complaint that embraces one of the exceptions to the sovereign immunity of municipalities.  Accordingly, the Court orders Plaintiff to file an amended complaint within ten (10) days of the date of this Order clarifying the basis for his theory of liability against Officer Lowman.

    C.    Counts III and Count IV Against Officer Lowman

---

[4] Mo.Rev.Stat. §516.140.1 provides that "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise[.]"

1. Count III

The essence of the cause of action for false arrest, or false imprisonment, is a person's confinement of the plaintiff, without legal justification. Rankin v. Venator Grp. Retail, Inc., 93 S.W.3d 814, 819 (Mo. Ct. App. 2002)(citing Thomas v. M--R--A--, 713 S.W.2d 570, 574 (Mo.App.1986)); see also Highfill v. Hale, 186 S.W.3d 277, 280 (Mo. 2006)("False imprisonment, also called false arrest, is the confinement, without legal justification, by the wrongdoer of the person wronged.")(citation omitted).  "A person can be liable for false imprisonment if he encourages, causes, promotes, or instigates the arrest." Highfill, 186 S.W.3d at 280 (citing Day v. Wells Fargo Guard Service Co., 711 S.W.2d 503, 505 (Mo. banc 1986); Blue v. Harrah's North Kansas City, LLC, 170 S.W.3d 466, 472 (Mo.App.2005)). "Whether a person instigated an arrest is a fact-specific inquiry; there is no fixed test that may be applied." Highfill, 186 S.W.3d at 280 (citing Smith v. Allied Supermarkets, Inc., 524 S.W.2d 848, 852 (Mo. banc 1975)).

Defendants claim that Plaintiff has not met his pleading burden to state a claim for false imprisonment.  Specifically, Plaintiff has not pled sufficient facts to rebut the presumption of probable cause, given the indictment mentioned in the Complaint. (Memorandum, p. 8 (citing Complaint, ¶24)).  Defendants assert that "to rebut the presumption of probable cause, the plaintiff must prove that the indictment was obtained by false or fraudulent testimony or both [or] other improper means, or that defendant procured the indictment despite believing the plaintiff to be innocent."  (Memorandum of Law in Support of Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint ("Memorandum"), ECF No. 8, p. 8 (citing Harper v.

St. Joseph Lead Co., 233 S.W.2d 835, 840 (1950)).[5]  Defendants contend that Plaintiff has not alleged any fraud or false statement made by Officer Lowman in conjunction with Plaintiff's arrest and incarceration and, therefore, Count III fails to state a claim and should be dismissed. (Memorandum, p. 8).

In response, Plaintiff contends that he has properly alleged a claim for false arrest/false imprisonment.  He states that he has alleged that he "was arrested, confined, prosecuted and injured because of false accusations that he committed criminal acts in the presence of Defendant Officer Lowman while Plaintiff was standing on his own property with a concealed weapon he lawfully possessed but never employed to injure or threaten." (Opposition, p. 5).  "Plaintiff further alleges that this was done for the sole purpose of intimidating a citizen for exercising his right to lawfully carry a gun." (Id.).  Plaintiff contends that these allegations necessarily encompass a claim that "the indictment and any other measures to secure Plaintiff's arrest, confinement and continued prosecution were obtained by false testimony or other improper means," which rebuts any presumption of probable cause. (Id.).

With respect to this argument alone, the Court finds that Plaintiff sufficiently states a claim for false arrest/false imprisonment.  Plaintiff essentially pleads that he was arrested and confined without legal justification, which is all that is required for a false arrest/false imprisonment claim.  The Court denies Defendants' Motion to Dismiss as to this argument.

    2. Count IV

---

[5] The section cited by Defendants, however, seems to refer to malicious prosecution, not false imprisonment.  See Harper, 233 S.W.2d at 839-40 ("The return of an indictment by a grand jury is prima facie evidence of probable cause in an action for malicious prosecution; and to prevail plaintiff must rebut, briefly stated, the presumption by proof that the indictment was obtained by false or fraudulent testimony or by other improper means, or that defendant procured the indictment believing plaintiff to be innocent.").

The essential elements of a malicious prosecution claim in Missouri "are: (1) the commencement of a judicial proceeding against the plaintiff; (2) the instigation of the suit by the defendant; (3) the termination of the proceeding in plaintiff's favor; (4) the absence of probable cause for the suit; (5) malice by the defendant in instituting the suit; and (6) resulting damage to the plaintiff." Joseph H. Held & Associates, Inc. v. Wolff, 39 S.W.3d 59, 62-63 (Mo. Ct. App. 2001)(citing Stafford v. Muster, 582 S.W.2d 670, 675 (Mo. banc 1979); MAI 23.07 (1980 Revision)); Diehl v. Fred Weber, Inc., 309 S.W.3d 309, 318 (Mo. Ct. App. 2010). "The plaintiff must prove all six elements to make a submissible case of malicious prosecution." Diehl, 309 S.W.3d at 318 (citing Crow v. Crawford, 259 S.W.3d 104, 114 (Mo. Ct. App. 2008)). "The nature of malicious prosecution actions has led courts to require "strict proof" of each element of the tort." Crow, 259 S.W.3d at 114.

Defendants claim that Plaintiff fails to allege the fourth element, lack of probable cause for the underlying suit. Defendants contend that a return of an indictment by a grand jury creates the presumption of probable cause. (Memorandum, p. 6)(citing Harper, 233 S.W.2d at 840). "[T]o prevail plaintiff must rebut, briefly stated, the presumption by proof that the indictment was obtained by false or fraudulent testimony or by other improper means, or that defendant procured the indictment believing plaintiff to be innocent." Harper, 233 S.W.2d at 840. Further, a dismissal of the underlying criminal action does not rebut the presumption of probable cause that arises from proof of the indictment. Moad v. Pioneer Fin. Co., 496 S.W.2d 794, 799 (Mo. 1973); Harper, 233 S.W.2d at 840.

In addition, Defendants assert that Plaintiff cannot allege the second element of a Missouri malicious prosecution claim, the instigation of the lawsuit by the defendant. (Memorandum, p. 6). Defendants note that "absent any specific allegation, such as the

presentation of false evidence or the withholding of evidence, the grand jury indictment breaks any chain of causation linking the employees' activities to the institution of criminal proceedings, thus insulating the F.B.I. and Justice Department employees from tort liability." Ames v. United States, 600 F.2d 183, 185 (8th Cir. 1979)(citations omitted).

Defendants assert that Plaintiff's claim for malicious prosecution fails because he has not alleged "any fraud or false statements made by Officer Lowman[.]"  (Memorandum, p. 7). Defendants state that Plaintiff merely claims that he was indicted.  (Complaint).  Defendants assert that Plaintiff's claim fails because he has not alleged that the indictment was procured by false or fraudulent testimony or from any other improper means, as required under Missouri law. (Memorandum, p. 7)(citing Zike v. Advance Am., Cash Advance Centers of Missouri, Inc., 646 F.3d 504, 510 (8th Cir. 2011)(during preliminary hearing, the Missouri court found probably cause to bind Zike over for trial, which constitutes prima facie evidence of probable cause, which Zike "bears the burden to rebut");  Ulmer v. Associated Dry Goods Corp., 823 F.2d 1278, 1282 (8th Cir. 1987)(quoting Kvasnicka v. Montgomery Ward & Co., 350 Mo. 360, 166 S.W.2d 503, 510, 515 (1942)("The foregoing prima facie showing of the presence of probable cause as made by plaintiff stands conclusive unless overcome by evidence that false testimony was the basis of the charge and that the falsity, if so, was discoverable upon reasonable investigation.").

With respect to this argument alone, the Court finds that Plaintiff sufficiently states a claim for malicious prosecution.  Although Plaintiff could have been more exact in his pleadings, the Court finds that Plaintiff pled that Officer Lowman made false claims regarding criminal behavior by Plaintiff.  (Complaint, ¶¶16-18, 30-31).  The Court finds that these allegations of false claims that initiated the indictment against Plaintiff are sufficient to state a claim for malicious prosecution.  The Court denies Defendants' Motion to Dismiss as to this argument.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint [7] is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Plaintiff is granted ten (10) days from the date of this Order to file an Amended Complaint.

Dated this 19th day of August, 2013.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**