UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|                                        |   |                      |
|----------------------------------------|---|----------------------|
| GREGORY HAZLETT,                       | ) |                      |
|                         Plaintiff,     | ) | No. 4:12-CV-1715 JAR |
|                         v.             | ) |                      |
| CITY OF PINE LAWN and OFFICER STEVE LOWMAN, | ) |                  |
|                         Defendants.    | ) |                      |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 52), Plaintiff's Motion to Compel (ECF No. 48), Plaintiff's Request for Subpoenas of Officer Lowman's Disciplinary and Complaint Files from Various Police Departments (ECF No. 55), Plaintiff's Motion to Quash Defendants' Motion for Summary Judgment (ECF No. 56), and Plaintiff's Motion for Additional Time (ECF No. 59). These matters are ready for disposition.

## BACKGROUND

On May 16, 2010, Officer Steve Lowman, while on patrol in the City of Pine Lawn, observed Plaintiff Gregory Hazlett ("Hazlett") arguing with Pine Lawn resident Shawn Williams ("Williams"). (Defendants' Statement of Uncontroverted Material Facts in Support of the Motion for Summary Judgment ("DSUMF"), ECF No. 54, ¶1). The argument between Hazlett and Williams involved name calling, profane language, and became heated. (DSUMF, ¶2). While Plaintiff and Williams were arguing, Officer Lowman observed Hazlett raise his shirt to reveal two handguns in the waist band of his pants. (DSUMF, ¶3). During the argument, Officer Lowman heard Hazlett make several threats against Williams. (DSUMF, ¶4). Following the

argument, Officer Lowman arrested Hazlett on charges of First Degree Assault, Armed Criminal Action, and Unlawful Use of a Weapon. (DSUMF, ¶5). The probable cause statement that Officer Lowman drafted on May 17, 2010 stated: "Defendant[,] during argument with a neighbor[,] pulls up shirt[,] displaying two loaded handguns and threatens to shoot the neighbor." (DSUMF, ¶6). Based upon the probable cause statement, the St. Louis County Prosecutor's Office prepared a criminal complaint against Hazlett on December 26, 2010 for two counts of Unlawful Use of a Weapon. (DSUMF, ¶7). St. Louis County Circuit Court Judge Joseph L. Walsh III found probable cause to arrest Hazlett on two counts of Unlawful Use of a Weapon and issued an arrest warrant for Hazlett on December 28, 2010. (DSUMF, ¶8).[1] On January 26, 2011, both Officer Lowman and Williams testified to a grand jury, which found probable cause to indict Hazlett on two counts of Unlawful Use of a Weapon. (DSUMF, ¶9). The criminal case against Hazlett ultimately was dismissed by the prosecution on March 19, 2012 due to Williams' failure to appear at trial. (DSUMF, ¶10).

On August 23, 2012, Hazlett filed a Petition in the Circuit Court of St. Louis County alleging a claim against the City of Pine Lawn under §1983 for the alleged failure to train and supervise Officer Lowman (Count I), a claim against Officer Lowman under §1983 for allegedly violating Hazlett's Fourth Amendment rights in arresting him without probable cause (Count II), a claim against all defendants for false arrest (Count III), and a claim against all defendants for malicious prosecution (Count IV). (ECF No. 1). This action was removed to federal court on September 24, 2012. (ECF No. 1). After the Court allowed Hazlett to replead, he filed an Amended Complaint on November 5, 2013. (ECF No. 43).

---

[1] Defendants' Statement of Uncontroverted Material Facts states that Judge Walsh issued the warrant on December 27, 2011, but the criminal case record at Exhibit B shows that the warrant was issued by Judge Walsh on December 28, 2010. (ECF No. 54-2 at 50).

# MOTION FOR SUMMARY JUDGMENT

## I. Motion for Summary Judgment Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge.'" Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

## II. Defendants' Statement of Uncontroverted Material Facts Deemed Admitted

Hazlett failed to include a statement of material facts as to which he contends a genuine issue exists, as required under E.D.Mo. L.R. 4.01. Although Hazlett filed a Motion to Quash Defendants' Motion for Summary Judgment (ECF No. 56), that document failed to satisfy the requirements of E.D.Mo. L.R. 4.01(E). Hazlett did not "set forth with specific references to portions of the record, where available, upon which the opposing party relies." E.D.Mo. L.R. 4.01(E).

Even if the Court were to consider Hazlett's Motion to Quash as an adequate response to the Defendants' Motion for Summary Judgment, Hazlett's Motion to Quash still fails to controvert any of Defendants' Statement of Uncontroverted Material Facts. In the Motion to Quash, Hazlett refers to his allegations in his Amended Complaint that the grand jury and the circuit court judge, Judge Joseph L. Walsh III, were given "false and misleading documents, maliciously prepared by Officer Lowman" and were given "false testimony." (ECF No. 56 at 1-2) (citing Amended Complaint, ECF No. 43, at page 10, paragraph 2). The full text of paragraph 2 on page 10 of the Amended Complaint is:

> He lied and falsely prepared official documents in order to jail and maliciously prosecute Gregory Hazlett. He deprived Gregory Hazlett of his right to legally bear arms.

First, Hazlett cannot rest upon the allegations in his Amended Complaint in response to Defendants' Motion for Summary Judgment. See Anderson, 477 U.S. at 258. Further, Hazlett points to no specific facts to support this conclusory allegation that there were false documents and testimony. Hazlett does not even describe what "false testimony" was given, what "falsely

prepared official documents" were provided, nor does he detail what his version of these events was. Thus, Hazlett's conclusory statement that Officer Lowman provided "false documents" and "false testimony" fails to controvert Defendants' Statement of Uncontroverted Material Facts.

In addition, Hazlett also asserts in the Motion to Quash that the claims against Officer Lowman are not barred by sovereign immunity; rather, he is only protected by official immunity. (ECT No. 16 at 2-3). This is a legal argument that fails to controvert Defendants' Statement of Uncontroverted Material Facts. Therefore, all matters set forth in Defendants' Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment.

### III. Counts I and II

As previously stated, Plaintiff alleges a claim against the City of Pine Lawn under §1983 for the alleged failure to train and supervise Officer Lowman in Count I, and a claim against Officer Lowman under §1983 for allegedly violating Hazlett's Fourth Amendment rights in arresting him without probable cause in Count II. These claims fail as a matter of law for several reasons.

#### A. Probable Cause Existed as to Count II

Whether a police officer had probable cause at the time of an arrest is a question of law for a court to decide. Fisher v. Wal-mart Stores, Inc., 619 F.3d 811, 816 (8th Cir. 2010); see also Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001) ("a false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest"). "Probable cause exists if 'the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense' at the time of the arrest." Smithson v. Aldrich, 235 F.3d 1058, 1062 (8th Cir. 2000)(quoting Hannah v. City of Overland, Mo, 795 F.2d 1385, 1389 (8th Cir. 1986)). "[T]he probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Id. "Probable cause is to be

assessed in terms of the circumstances confronting a reasonably cautious police officer at the time of the arrest, and the arresting officer is entitled to consider the circumstances, including arguably innocent conduct, in light of his training and experience." Hannah, 795 F.2d at 1389 (quoting United States v. Wallraff, 705 F.2d 980, 990 (8th Cir. 1983)).

Hazlett alleges that he was arrested by Officer Lowman on May 16, 2010 without a warrant and without probable cause.

Officer Lowman asserts that he had probable cause based upon the totality of the circumstances. Officer Lowman observed Hazlett and City of Pine Lawn resident Shawn Williams engaging in a heated argument, which included threats. (DSUMF, ¶¶1, 2). During the argument, Officer Lowman observed Hazlett raise his shirt to reveal two handguns in the waist band of his pants. (Id., ¶3). After Hazlett displayed the weapons, Officer Lowman arrested Hazlett on charges of First Degree Assault, Armed Criminal Action, and Unlawful Use of a Weapon. (Id., ¶5).

The Court finds that Officer Lowman had probable cause to arrest Hazlett based upon his observation of Hazlett displaying guns during an altercation. (DSUMF, ¶¶2-3). "An officer may effect a warrantless arrest, even if there is no lawful basis for the actual charges brought, as long as there is probable cause to believe some criminal offense had been committed." Freeman v. Adams, 1:12CV86 SNLJ, 2014 WL 1056760, at *10 (E.D. Mo. Mar. 19, 2014)(citing McCabe v. Parker, et al., 608 F.3d 1068, 1077–78 (8th Cir.2010)). Based upon the viewpoint of an objectively reasonable officer, Officer Lowman had probable cause to believe that a criminal offense, such as unlawful display of a weapon, was being committed based upon the altercation, threats, and weapons displayed. Therefore, the Court finds that Officer Lowman did not violate the Fourth Amendment by arresting Hazlett. Ulrich v. Pope Cnty., 715 F.3d 1054, 1059 (8th Cir.

2013); Borgman v. Kedley, 646 F.3d 518, 523 (8th Cir.2011)("Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is 'objectively reasonable.'").

As an additional basis, Officer Lowman contends that Hazlett's arrest must be supported by probable cause because it was validated by both a St. Louis County Circuit Court Judge and a grand jury. The St. Louis County Prosecutor's Office prepared a criminal complaint on December 26, 2010, and Officer Lowman prepared a probable cause statement on May 17, 2010 for two counts of Unlawful Use of a Weapon. (DSUMF, ¶¶6, 7). St. Louis County Circuit Court Judge Joseph L. Walsh, III found probable cause to arrest Hazlett on the charges and issued an arrest warrant for Hazlett on December 28, 2010. (Id., ¶8). On January 26, 2011, a St. Louis County grand jury returned an indictment on the two counts of Unlawful Use of a Weapon after listening to the testimony of Officer Lowman and Shawn Williams. (Id., ¶9). The indictment of Hazlett by the grand jury validates the existence of probable cause. As the Supreme Court has held, "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." Durham v. Horner, 690 F.3d 183, 189 (4th Cir. 2012)(citing Gerstein v. Pugh, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Even though the prosecution of Hazlett terminated in his favor, the grand jury determination of probable cause to arrest him was conclusively established by his fair indictment. See Durham, 690 F.3d at 189 (even though the "underlying criminal proceedings were terminated in his favor, the prosecution was plainly supported by probable cause, as conclusively established by the three indictments"). Because Officer Lowman had probable cause to arrest Hazlett, the Court finds that there was no Fourth Amendment violation and Hazlett's §1983 claim against Officer Lowman fails as a matter of law.

B. Qualified Immunity as to Count II

"Qualified immunity shields public officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown v. City of Golden Valley, 574 F.3d 491, 495 (8th Cir. 2009). When the defense of qualified immunity has been asserted, the Court evaluates (1) whether defendants violated plaintiff's constitutional rights and (2) whether those rights were clearly established. Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011). If no constitutional violation occurred, the evaluation ends there. See Crumley v. City of St. Paul, 324 F.3d 1003, 1008 (8th Cir. 2003). "Without the requisite showing of a constitutional violation, summary judgment is proper because [plaintiff] has failed to establish the existence of an essential element of [his] case." Id.

As previously discussed, the Court found that probable cause existed and, therefore, there was no Fourth Amendment violation. Without a constitutional violation, Officer Lowman is entitled to qualified immunity and summary judgment in his favor. The Court also grants summary judgment in favor of Officer Lowman because he has qualified immunity from suit due to no Fourth Amendment violation.

C. No Respondeat Superior Liability for City of Pine Lawn in Count I

Hazlett has alleged a § 1983 claim against the City of Pine Lawn for its hiring, training and supervision of Officer Lowman. (Complaint, ¶29; Amended Complaint, ECF No. 43, ¶29).

In general, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a respondeat superior theory of liability. Monnell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). But, a local government may be subject to § 1983 liability for "inadequate training of its employees," City of

Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), "where (1) the city's hiring and training practices are inadequate; (2) the city was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by a municipality'; and (3) an alleged deficiency in the city's hiring or training procedures actually caused the plaintiff's injury." Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir.1996)(quoting City of Canton, 489 U.S. at 389, 389 (1989)).

Under the undisputed facts, Hazlett's § 1983 claim against the City of Pine Lawn fails as a matter of law. To the extent that Hazlett's § 1983 claim against the City of Pine Lawn is based upon the actions of Officer Lowman, such claim fails because the City of Pine Lawn cannot be held liable based upon respondeat superior liability. See Monnell, 436 U.S. at 694; Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010). That is, Count I for *respondeat superior* liability automatically fails because the Court finds no underlying constitutional violation in Count II. Id. In addition, the City of Pine Lawn cannot be held liable for hiring Officer Lowman or for its failure to train and supervise Officer Lowman because Hazlett has failed to demonstrate that the City of Pine Lawn "'had notice that its procedures were inadequate and likely to result in a violation of constitutional rights.'" Andrews, 98 F.3d at 1076 (quoting Thelma D. v. Bd. of Educ., 934 F.2d 929, 934 (8th Cir.1991)). Hazlett has failed to provide any factual support for his allegation that the City of Pine Lawn's procedures were inadequate or that they resulted in the violation of Hazlett's constitutional rights. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 411, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)(noting that to succeed on a claim for municipal liability the "plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a *particular* constitutional or statutory right will follow the decision" (emphasis added)). Because there is no evidence that any failure on the part of the

City of Pine Lawn resulted in any deprivation of Hazlett's rights, the Court grants summary judgment in favor of the City of Pine Lawn on Count I.

## IV. Counts III and IV

### A. Claims against Officer Lowman in his Official Capacity and against the City of Pine Lawn

Hazlett alleges claims against Officer Lowman and the City of Pine Lawn for false imprisonment (Count III) and malicious prosecution (Count IV). These claims against the City of Pine Lawn and Officer Lowman (in his official capacity) fail because Hazlett has not pleaded an exception to the City of Pine Lawn's sovereign immunity.

"A municipality has sovereign immunity from actions at common law tort in all but four cases: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function (State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital, 843 S.W.2d 353, 358 (Mo. banc 1993)); and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610)." Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009).[2] None of these exceptions have been pled here.

---

[2] "A proprietary function is an act performed for the special benefit or profit of the municipality as a corporate entity, while a governmental function is an act performed by the municipality as an agent of the state, for the common good of all." Oliver v. Swon, 2:05CV38 JCH, 2006 WL 2505994, at *5, n.9 (E.D. Mo. Aug. 29, 2006)

This Court previously gave Hazlett an opportunity to re-plead and allege one of these exceptions to sovereign immunity. In his Amended Complaint, Hazlett's only new allegations are that Defendants violated his "clearly established right" and that Officer Lowman "lied and falsely prepared official documents in order to jail and maliciously prosecute Gregory Hazlett." (ECF No. 43 at 14). The Court finds that Hazlett has not pleaded an exception to sovereign immunity and his state law claims against the City of Pine Lawn are barred by sovereign immunity.

For this same reason, Hazlett's state law claims against Officer Lowman in his official capacity are also barred. "Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." Betts-Lucas v. Hartmann, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002)(citing Edwards v. McNeill, 894 S.W.2d 678, 682 (Mo.App.1995)). The record contains no evidence of a waiver and no exception from Bennartz v. City of Columbia has been pleaded; therefore, Hazlett's state law claims against Officer Lowman in his official capacity also are barred by sovereign immunity.

B. Claims against Officer Lowman in his Individual Capacity

1. False Arrest/Imprisonment (Count III)

In the Motion for Summary Judgment, Defendants assert that the false arrest/imprisonment claim against Officer Lowman in his individual capacity is barred by the statute of limitations. Under Mo.Rev.Stat. §516.140, an action for false imprisonment/false arrest must be brought within two years of the accrual of that cause of action. "[A] cause of action for false imprisonment accrues on the discharge from imprisonment." Stafford v. Muster, 582 S.W.2d 670, 680 (Mo. 1979).

Hazlett's lawsuit was filed in the Circuit Court of St. Louis County on August 23, 2012. Hazlett's Complaint alleges that his false arrest by Officer Lowman occurred on May 16, 2010. Hazlett also contends that he was held in the Pine Lawn City Jail for two days and, thereafter, in the St. Louis County Jail for approximately one week. (Complaint, ¶¶21, 22; Amended Complaint, ¶¶21, 22). In other words, Hazlett alleges that he was imprisoned for approximately nine days, beginning on May 16, 2010. Based upon these allegations, the Court finds that Hazlett's Complaint was time-barred because it was filed in St. Louis County on August 23, 2012, more than 2 years after his discharge from imprisonment. The Court grants summary judgment in favor of Officer Lowman.

> 2. Malicious Prosecution (Count IV) against Officer Lowman in his Individual Capacity

The essential elements of a malicious prosecution claim in Missouri "are: (1) the commencement of a judicial proceeding against the plaintiff; (2) the instigation of the suit by the defendant; (3) the termination of the proceeding in plaintiff's favor; (4) the absence of probable cause for the suit; (5) malice by the defendant in instituting the suit; and (6) resulting damage to the plaintiff." Joseph H. Held & Associates, Inc. v. Wolff, 39 S.W.3d 59, 62-63 (Mo. Ct. App. 2001)(citing Stafford v. Muster, 582 S.W.2d 670, 675 (Mo. banc 1979); MAI 23.07 (1980 Revision)); Diehl v. Fred Weber, Inc., 309 S.W.3d 309, 318 (Mo. Ct. App. 2010). "The plaintiff must prove all six elements to make a submissible case of malicious prosecution." Diehl, 309 S.W.3d at 318 (citing Crow v. Crawford, 259 S.W.3d 104, 114 (Mo. Ct. App. 2008)). "The nature of malicious prosecution actions has led courts to require 'strict proof' of each element of the tort." Crow, 259 S.W.3d at 114.

Defendants contend that Officer Lowman is entitled to summary judgment on Count IV in his individual capacity because Hazlett's arrest was supported by probable cause. (ECF No.

53 at 12-15).³ Defendants contend that a return of an indictment by a grand jury creates the presumption of probable cause. (ECF No. 53 at 14 (citing Harper v. St. Joseph Lead Co., 233 S.W.2d 835, 839-40 (Mo. 1950)). "The return of an indictment by a grand jury is prima facie evidence of probable cause in an action for malicious prosecution; and to prevail plaintiff must rebut, briefly stated, the presumption by proof that the indictment was obtained by false or fraudulent testimony or by other improper means, or that defendant procured the indictment believing plaintiff to be innocent." Harper, 233 S.W.2d at 839-40 (citing Kvasnicka v. Montgomery Ward & Co., 350 Mo. 360, 166 S.W.2d 503, 505[2], 515[13]; Wilkinson v. McGhee, 265 Mo. 574, 178 S.W. 471, 474; Sharpe v. Johnston, 76 Mo. 660, 670). Further, a dismissal of the underlying criminal action does not rebut the presumption of probable cause that arises from proof of the indictment. Moad v. Pioneer Fin. Co., 496 S.W.2d 794, 799 (Mo. 1973); Harper, 233 S.W.2d at 840.

Hazlett has alleged in his Amended Complaint that the indictment was procured by fraud in that Officer Lowman allegedly "lied and falsely prepared official documents in order to jail and maliciously prosecute Gregory Hazlett." (ECF No. 43 at 14). Hazlett's allegations, however are not sufficient to rebut the presumption of probable cause at the summary judgment stage. Allegations in a complaint cannot be used to rebut uncontroverted material facts during summary judgment. See Anderson, 477 U.S. at 258 (The nonmoving party may not rest upon mere allegations or denials of his pleading.). Hazlett failed to controvert Defendants' Statement of Uncontroverted Material Facts and, therefore, they are deemed admitted. Freeman v. Adams, 1:12CV86 SNLJ, 2014 WL 1056760, at *5, n.4 (E.D. Mo. Mar. 19, 2014)("The movant's

---

³ Defendants also contend that they are entitled to summary judgment because there is no evidence of malice. Because the Court finds probable cause, it does not address the issue of malice.

statement of facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).").

The following facts, therefore, are deemed admitted for purposes of summary judgment: The argument between Hazlett and Williams involved name calling, profane language, and became heated. (DSUMF, ¶2). While Plaintiff and Williams were arguing, Officer Lowman observed Hazlett raise his shirt to reveal two handguns in the waist band of his pants. (DSUMF, ¶3). During the argument, Officer Lowman heard Hazlett make several threats against Williams. (DSUMF, ¶4). Hazlett was indicted by the grand jury in St. Louis County on two counts of unlawful use of a weapon on January 26, 2011. (DSUMF, ¶9). These facts provide probable cause for the arrest of Hazlett. The finding of probable cause negates Hazlett's malicious prosecution claim. See Diehl, 309 S.W.3d at 318; Crow, 259 S.W.3d at 114.

The Court finds that Hazlett's malicious prosecution claim against Officer Lowman in his individual capacity fails as a matter of law because his arrest and prosecution were supported by probable cause, and the Court grants summary judgment in favor of Officer Lowman on the malicious prosecution claim.

## PLAINTIFF'S MOTIONS

I. **Plaintiff's Request for Subpoenas of Officer Lowman's Disciplinary and Complaint Files from Various Police Departments, Plaintiff's Motion to Compel, and Plaintiff's Motion for Additional Time**

In his Request for Subpoenas of Officer Lowman's Disciplinary Complaint Files from Various Police Departments (ECF No. 55), Hazlett requests Officer Steven Lowman's "Badge 393 [d]isciplinary and complaint files to be subpoenaed from various police [departments]." (ECF No. 55). Hazlett contends that these files will show Officer Lowman's "conduct and

character as a police officer and his tendency to break rules." Hazlett further states, without referring to any constitutional provision, that he has a constitutional right to inspect these records. Id. (citing Lee v. State, 573 S.W.2d 131, 132 (Mo. Ct. App. 1978)). Similarly, in the Motion to Compel, Plaintiff asks the Court to compel Officer Lowman's personnel file from various police departments, as well as Officer Lowman's arrests and convictions. (ECF No. 48). Finally, in Plaintiff's Motion for Additional Time, Plaintiff appears to request a continuance of the trial date because his witness, Ms. Ruby Holman, will be out of town until after May 5, 2014. (ECF No. 59).[4] In addition, Plaintiff notes that he has not received any discovery regarding Officer Lowman's "police records."

The Court denies these motions because they seek irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. First, "given the confidential nature of the information contained in a police officer's personnel file" Donald v. Rast, 927 F.2d 379, 381 (8th Cir. 1991), the Court is reluctant to order the production of such information, particularly to pro se party.[5] "[T]he privacy interests of police officers in personnel records 'should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review.'" Mason v. Stock, 869 F. Supp. 828, 833 (D. Kan. 1994)(quoting King v. Conde, 121 F.R.D. 180, 191 (E.D.N.Y. 1988)).

Further, Hazlett has not provided any showing, beyond mere speculation, that Officer Lowman's personnel records will contain information that is helpful to his case. While Hazlett contends that Officer Lowman's personnel files will show his "conduct and character as a police

---

[4] The Court mailed to Plaintiff a copy of its Order stating that the May 5, 2014 trial date was continued. (ECF No. 58). From the Motion for Additional Time, it appears that the Order was not received by Plaintiff at the St. Louis County Jail, where this correspondence was sent.

[5] The Court notes that in Donald v. Rast, 927 F.2d 379, 381 (8th Cir. 1991) the district court ordered in camera inspection of the police officer's personnel file. For the reasons stated in this Order, the Court believes that an in camera inspection to be unnecessary in this particular case.

officer and his tendency to break rules" (ECF No. 55), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed.R.Evid. 404. Moreover, the undisputed material facts demonstrate that Hazlett's arrest was supported by probable cause. Any information responsive to Hazlett's requests would not negate that probable cause finding. As a result, the Court finds that the information requested by Hazlett is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The Court denies his Request for Subpoenas and Motion to Compel on those grounds. The Motion for Additional Time is denied as moot.

**II.     Plaintiff's Motion to Quash Defendants' Motion for Summary Judgment**

As previously discussed, Plaintiff's Motion to Quash Defendants' Motion for Summary Judgment (ECF No. 56) is basically Hazlett's opposition to Defendants' Motion for Summary Judgment. To the extent, if any, that Plaintiff's Motion is seeking any independent relief, the Court denies this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [52] is **GRANTED**. An appropriate Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [48], Plaintiff's Request for Subpoenas of Officer Lowman's Disciplinary and Complaint Files from Various Police Departments [55], and Plaintiff's Motion to Quash Defendants' Motion for Summary Judgment [56] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Time [59] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendants' Second Motion to Dismiss [45] is **DENIED** as moot.

Dated this 30th day of May, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**