UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GREGORY HAZLETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:12-cv-1715-JAR |
| CITY OF PINE LAWN and OFFICER STEVE LOWMAN, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Plaintiff's Motion for Leave to File Appeal Out of Time (Doc. 63). Defendants responded (Doc. 68). Plaintiff indicates that he failed to file his appeal in time due to uncontrollable circumstances. He states that he was not aware that the case had been dismissed until some time in 2015 when he called to check the status of the case. He further notes that on May 22, 2014, a notice was received by the courts from the Plaintiff asking for all correspondence to be sent to Plaintiff's home address but that the order and judgment dismissing his case were sent to his former attorney who withdrew from the case on April 19, 2013.

The Rule applicable in this case is Rule 4(a)(6) of the Rules of Appellate Procedure which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) The court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

For the following reasons, the Court concludes that Plaintiff has not met the conditions required by Rule 4(a)(6). The record reflects that Plaintiff did not receive notice pursuant to Federal Rule of Civil Procedure 77(d) within 21 days of entry of the order and judgment dismissing his case. According to Plaintiff's motion, he has not received any written notice of the Order and Judgment of Dismissal pursuant to Federal Rule of Civil Procedure 77(d). The docket and the Court's internal records support Plaintiff's assertion. The Order and Judgment were sent via CM/ECF to the terminated attorneys as well as faxed to the pro se Plaintiff. *See* Order Receipt dated May 30, 2014 (indicating that the Order had been faxed to Plaintiff at the fax number provided by Plaintiff (Doc. 67)).[1] While Plaintiff does not indicate the exact date he received actual notice of the Order and Judgment, he does state that he was not aware of the dismissal until he called the Court for status in 2015. His motions indicate that he sent them on January 27, 2015, perhaps within the 14-day period contemplated by Rule 4(a)(6)(B). However, his motion was not filed within 180 days after the Order and Judgment were entered and that date, November 26, 2014, is the earlier of the two dates.[2] "[D]istrict courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired." *Zimmer St.*

---

[1] Pursuant to Federal Rule of Civil Procedure 77(d)(1), "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b) . . . ." While Rule 5(b) does allow for service by electronic means if the person consented in writing, Plaintiff has not provided his consent.

[2] The Order and Judgment were entered in this case on May 30, 2014. According to the Court's calculations, 180 days from that date is November 26, 2014.

*Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994). Therefore, Plaintiff's motion is untimely and the Court cannot reopen the time to appeal.

Plaintiff has also filed a Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 65). Upon consideration of the financial information provided with the motion (Doc. 66), the Court finds that Plaintiff is financially unable to pay any portion of the appellate filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Appeal Out of Time (Doc. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 65) is **GRANTED.**

Dated this 29th day of May, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE